IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:09-cr-00030 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| RONALD CLIVE HOLLOWAY, | ) | By:   Michael F. Urbanski |
| | ) | United States District Judge |
| Petitioner. | ) | |

## MEMORANDUM OPINION

Ronald Clive Holloway, a federal inmate proceeding pro se, has filed a Motion to Vacate, Set Aside, Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 57. Holloway argues that the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"),[1] renders his 180 month sentence unlawful. The government has filed a Motion to Dismiss, ECF No. 65, and Holloway has responded, ECF No. 68, making this matter ripe for consideration. For the reasons set forth below, the court **GRANTS** the government's Motion to Dismiss and **DENIES** Holloway's § 2255 motion.

I.

On October 7, 2009, Holloway pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 38.[2] In the guilty plea, Holloway agreed that he had "at least three prior convictions for serious drug offenses

---

[1] The court refers to the 2015 opinion as Johnson II, to differentiate it from an earlier opinion on a related subject, Johnson v. United States, 559 U.S. 133 (2010).
[2] United States District Judge Samuel Grayson Wilson presided over Holloway's guilty plea and sentencing. Judge Wilson has since retired and the instant § 2255 motion was assigned to the undersigned United States District Judge.

and/or violent felonies and will face a mandatory minimum sentence of imprisonment for a term of fifteen years and a maximum sentence of imprisonment for life, pursuant to 18 U.S.C. § 924(e)," which is commonly referred to as the Armed Career Criminal Act ("ACCA").[3] ECF No. 38, at 1. The ACCA imposes a fifteen-year mandatory minimum sentence on defendants convicted under § 922(g) who have committed three prior "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1).

The guilty plea identified four of Holloway's prior convictions that qualified as ACCA predicate offenses: (1) a 1986 conviction for distribution of methamphetamine, in violation of Va. Code Ann. § 18.2-248; (2) a 1990 conviction for conspiring to distribute methamphetamine, in violation of Va. Code Ann. § 18.2-256; (3) a 1999 conviction for statutory burglary, in violation of Va. Code Ann. § 18.2-91; and (4) a 2004 conviction for possession of marijuana with intent to distribute, in violation of Va. Code Ann. § 18.2-248.1. ECF No. 38, at 3.[4] Similarly, the Presentence Investigation Report ("PSR"), which the court adopted without change, identified the first three of these convictions as ACCA predicates. PSR, ECF No. 50, ¶ 15.

On January 5, 2010, the court sentenced Holloway to 180 months imprisonment and five years of supervised release. Holloway did not file an appeal, nor has he filed a § 2255 motion prior to the petition at bar. Holloway now argues that his ACCA sentence is

---

[3] Without the ACCA designation, Holloway would have faced a maximum sentence of imprisonment for a term of ten years. 18 U.S.C. § 924(a)(2).

[4] Neither the guilty plea nor the PSR identify the Virginia code sections under which Holloway's prior convictions fell. However, the Clerk has docketed state records with this information for Holloway's 1986 and 1990 drug convictions at ECF No. 69. The code sections applicable to Holloway's 1999 statutory burglary conviction in Nelson County Circuit Court and 2004 drug conviction in the City of Staunton Circuit Court are indicated on state records available at http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp.

unlawful for two reasons. First, under Johnson v. United States, 135 S. Ct. 2551 (2015), the 1999 statutory burglary conviction no longer qualifies as an ACCA violent felony. Second, he argues that his prior drug convictions did not qualify as serious drug offenses under the ACCA. Holloway proceeds pro se, and therefore, the court will liberally construe his filings. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Holloway bears the burden of proving grounds for a collateral attack. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

In addition to stating a claim for relief, a petition under § 2255 must adhere to strict statute of limitations requirements. Specifically, a petitioner must file a § 2255 motion within one year of the latest date on which:

> (1) the judgment of conviction becomes final;
> (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). Having filed the instant § 2255 motion more than one year after his conviction became final, § 2255(f)(1), Holloway argues that the recent Supreme Court decision in Johnson II renders his motion timely because that case announced a new right that the Supreme Court has made retroactively applicable. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). According to Holloway, Johnson II mandates that his 1999 Virginia statutory burglary conviction no longer qualify as a violent felony under the ACCA.

The Johnson II Court struck down the "residual clause" of the ACCA's definition of a "violent felony" as unconstitutionally vague. 135 S. Ct. at 2563. Johnson II, however, did not invalidate any part of the definition of a "serious drug offense," which includes a drug violation under state law "for which a maximum term of imprisonment of ten years or more is prescribed." 18 U.S.C § 924(e)(2)(A)(ii).

To determine whether Johnson II affects a petitioner's designation under the ACCA, the court must consider the entirety of the petitioner's criminal record. See United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010). Even if some offenses no longer support an ACCA enhancement, as long as three predicate convictions remain in the petitioner's record, "the statutory preconditions for sentence enhancement [are] still present" and the § 2255 petition must be denied. Pettiford, 612 F.3d at 278. Before conducting a Johnson II analysis, the court must determine if the petitioner's record includes at least three violent felonies (without reference to the residual clause) or serious drug offenses.

### III.

As he acknowledged in his guilty plea, Holloway's record includes at least three prior serious drug offenses. A state drug conviction qualifies as a serious drug offense if it carries

4

with it a maximum penalty of ten years or more. 18 U.S.C § 924(e)(2)(A)(ii). The court looks to the "'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense" in determining whether Holloway's prior drug offenses qualify as ACCA predicates. McNeill v. United States, 563 U.S. 816, 825 (2011).

At least three of Holloway's prior drug offenses carried maximum sentences of ten years or more at the time those convictions became final. Holloway's 1986 conviction for distribution of methamphetamine, a Schedule II controlled substance, was subject to a maximum forty-year sentence if it was a first-time offense, and a maximum sentence for life if it was a second or subsequent drug offense. Va. Code Ann. § 18.2-248(a) (1986). The same penalties applied to Holloway's 1990 drug conviction for conspiring to distribute methamphetamine. Va. Code Ann. §§ 18.2-256, 18.2-248(c) (1990). Holloway's 2004 conviction for possession of marijuana with intent to distribute was a Class 5 felony, which subjected him to "a term of imprisonment of not less than one year nor more than 10 years." Va. Code Ann. § 18.2-10 (2004). Each of these drug offenses qualifies as a serious drug offense under the ACCA. 18 U.S.C § 924(e)(2)(A)(ii).[5]

---

[5] Holloway relies on the Fourth Circuit's decision in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), for the proposition that his 1986, 1990, and 2004 drug offenses do not qualify as ACCA predicates. Newbold examined North Carolina's sentencing regime for drug offenses, which imposes harsher sentences when certain "aggravating factors" are present. 791 F.3d at 458. The court held that determination of the maximum sentence applicable to prior convictions "requires examination of a defendant's 'offense class' and 'the applicability of the aggravated sentencing range.'" Id. at 462. In this case, Holloway's prior convictions occurred in Virginia under Virginia law. Unlike North Carolina's sentencing regime, Virginia courts are not required to consider similar "aggravating factors" or "offense classes" that were the subject of Newbold. Thus, Newbold is inapplicable to Holloway's status under the ACCA.

5

With at least three ACCA predicate offenses on Holloway's record, "the statutory preconditions for sentence enhancement [are] still present." Pettiford, 612 F.3d at 278. Holloway's inability to show that his sentence was "rendered without jurisdiction," "imposed in violation of the Constitution or the laws of the United States," or that it was "otherwise subject to collateral attack," requires the court to dismiss his motion for failure to state a viable claim for relief. 28 U.S.C. § 2255.

Because Holloway's record contains three serious drug offenses, the court need not determine whether Johnson II affects his status under the ACCA. Even if Holloway's 1999 Virginia statutory burglary conviction no longer qualifies as a violent felony in light of Johnson II, his sentence would remain lawful. Therefore, Holloway cannot rely on the new retroactively applicable rule announced in Johnson II for statute of limitation purposes. See § 2255(f)(3). The court must dismiss Holloway's § 2255 petition for both failing to state a claim and failing to meet the timeliness requirements of § 2255(f).

### III.

For the reasons stated, the court will **GRANT** the government's motion to dismiss and **DENY** Holloway's § 2255 petition. Because Holloway has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

An appropriate Order will be entered.

Entered: 04-21-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

6