IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 5:09-cr-30 |
| v. ) | |
| ) | |
| RONALD CLIVE HOLLOWAY, ) | By:   Michael F. Urbanski, |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Ronald Clive Holloway's amended pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 79. The Federal Public Defender supplemented Holloway's request. ECF No. 80. The government does not oppose the motions. ECF No. 83. For the reasons stated herein, the court **GRANTS** Holloway's motions.

### I.

On October 7, 2009, Holloway entered into a written plea agreement in which he pleaded guilty to one count of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). ECF No. 38. Pursuant to the plea agreement, Holloway also stipulated that he has at least three prior convictions for serious drug offenses or violent felonies and faced a mandatory minimum sentence of imprisonment for a term of fifteen years and up to life imprisonment under the Armed Career Criminal Act. Id. On October 9, 2009, the Honorable James G. Welsh, United States Magistrate Judge, filed a report and recommendation, advising the court to accept Holloway's guilty plea and plea agreement. ECF No. 43. On November 3,

1

2009, the court adopted the report and recommendation without objection. ECF No. 45. On January 5, 2010, Holloway was sentenced to 180 months of incarceration. J., ECF No. 47. Holloway is currently housed at FMC Butner,[1] and he is eligible for home detention on December 13, 2021, with a projected release date of June 13, 2022. ECF No. 80-3. As such, Holloway has served approximately 94% of his sentence.

Holloway seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his deteriorating health and end-stage organ failure constitute "extraordinary and compelling" reasons warranting a sentence reduction. Holloway asks the court to reduce his sentence to time served. As this matter is fully briefed, it is ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Oct. 7, 2021) (search "Ronald Clive Holloway").
[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

> (i) extraordinary and compelling reasons warrant such a reduction
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Holloway's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Holloway is a danger to the safety of the community.

i. <u>The exhaustion requirement has been met.</u>

The compassionate release statute requires that a petitioner exhaust his administrative remedies prior to bringing a motion before the district court. See 18 U.S.C. § 3582(c)(1)(A). Pursuant to the statute, a petitioner may bring a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. This exhaustion requirement may be waived under the following circumstances: (1) where it would be futile; (2) where the administrative process would be incapable of granting adequate relief; or (3) where pursuit of agency review would subject the petitioner to undue prejudice. See United States v. Poulios, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); see also United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where defendant had not fully exhausted his administrative remedies); United States v. Zuckerman, 451 F. Supp. 3d 329, 332 (S.D.N.Y. 2020) (citing

Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . ., the requirement is not absolute.")).

Here, Holloway made a written request for compassionate release to the warden in June 2021, and his request was denied on July 13, 2021. See ECF No. 80-2. Moreover, the government does not contest exhaustion. Accordingly, the court finds that the exhaustion requirement has been satisfied.

    ii.    <u>Holloway presents extraordinary and compelling reasons to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n.1(A)-(D). Furthermore, the application notes list "end-stage organ disease" as an example of a terminal illness, id. at cmt. n.1(A)(i), and state that a serious medical condition is one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[,]" id. at cmt. n.1(A)(ii)(II).

4

Here, the court finds that Holloway's Stage V chronic kidney disease and worsening condition due to complications from a breakthrough COVID-19 infection present "extraordinary and compelling" reasons to reduce his sentence.[3] Without dialysis treatments or a kidney transplant, Holloway's life expectancy is "generally, . . . anywhere from days to weeks, . . . ."[4] As a result of his chronic kidney disease, Holloway is more susceptible to infection.[5] In addition to his Stage V chronic kidney disease, Holloway suffers from type 2 diabetes, congestive heart failure, and high blood pressure. ECF No. 80-5 at 1. Holloway's ailments have confined him to a wheelchair, and he is fully dependent on supplemental oxygen. Moreover, even though he is fully vaccinated against COVID-19, Holloway contracted the virus and experienced serious complications, resulting in him being hospitalized twice due to respiratory failure. See ECF No. 80-5. Holloway's worsening health and weakened physical capacity constitute serious medical conditions and substantially diminish Holloway's ability to provide self-care within the prison. See United States v. Carroll, No. CR17-1039-LTS, 2021 WL 2548082, at *4-5 (N.D. Iowa June 22, 2021) (finding extraordinary and compelling reasons exist to grant compassionate release where a defendant experienced chronic kidney disease, respiratory failure, congestive heart failure, type 2 diabetes, and was confined to a wheelchair). As such, the court finds that Holloway's medical conditions warrant extraordinary and compelling reasons justifying early release.

---

[3] Stage V chronic kidney disease means "kidneys are working at less than 15 percent capacity or [there is] kidney failure. When that happens, the buildup of waste and toxins becomes life-threatening. . . ." See Healthline, Stages of Chronic Kidney Disease, https://www.healthline.com/health/ckd-stages (last visited Oct. 7, 2021).
[4] Responsum Health, What Is Stage 5 CKD?, https://responsumhealth.com/chronic-kidney-disease/stages/stage-5/ (last visited Oct. 8, 2021).
[5] Mayo Clinic, End-stage renal disease, https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/symptoms-causes/syc-20354532 (last visited Oct. 8, 2021).

y

> iii. <u>Holloway is not a danger to the safety of anyone else or the community and a sentence reduction is appropriate after considering the § 3553(a) factors.</u>

Having found that extraordinary and compelling reasons exist to warrant a reduction in Holloway's sentence, the court must consider if Holloway is a danger to the safety of another person or the community as a whole and if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2); see also Turner v. United States, No. 2:18-cr-128, 2020 WL 4370124, at *3 (E.D. Va. July 30, 2020) ("[T]he court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Pursuant to § 1B1.13(2), the court must consider the 18 U.S.C. § 3142(g) factors in determining whether Holloway is a danger to the safety of any other person or to the community. The relevant factors include "the nature and circumstances of the offense charged"; "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." United States v. Ramirez, No. 7:16-cr-55, 2020 WL 5637402, at *3 (W.D. Va. Sept. 21, 2020) (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020)).

The court must also consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal

6

conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, both the § 3142(g) and § 3553(a) factors weigh in favor of a sentence reduction.

Holloway was initially incarcerated because of his underlying offense of unlawful possession of a firearm as a convicted felon. Holloway also has a prior criminal history, see ECF No. 50, which the court does not take lightly. However, Holloway's previous convictions are for nonviolent offenses. Id. Additionally, his prior convictions are remote, with the most recent occurring in June 2003. Id. Furthermore, Holloway is of minimal risk of recidivism due to his advanced age, fragile health status, and confinement to a wheelchair. Moreover, Holloway has a viable release plan, which has already been approved by probation. He has two daughters who are registered nurses and will provide him with full-time care and dialysis treatments. Lastly, Holloway has served approximately 94% of his sentence, thereby obviating the need to impose any further punishment. Shaving a little more than 6% off Holloway's incarceration is a minor adjustment and will not alter the sentence's deterrence to criminal conduct for Holloway himself or others. Based on all of these circumstances, the court finds that Holloway will not pose a danger to the community upon release and the § 3553(a) factors weigh in favor of compassionate release.

## III.

For these reasons, the court **GRANTS** Holloway's motions for compassionate release, ECF Nos. 79, 80. The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the defendant, his counsel of record, and the government. An appropriate order will be entered.

Entered: October 8, 2021

Michael F. Urbanski
Chief United States District Judge